**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IOWA AMERICAN INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. |
| THE CHAMBERLAIN GROUP, INC., DUCHOSSOIS REAL ESTATE, INC., and DEAN MORMINO, | ) ) ) ) | |
| Defendants. | ) ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF**

Plaintiff, IOWA AMERICAN INSURANCE COMPANY, by and through its attorneys, Walton Law Group, LLC, and for its Complaint for Declaratory Judgment and Other Relief against Defendants, The Chamberlain Group, Inc., Duchossois Real Estate, Inc., and Dean Mormino, states as follows:

**NATURE OF ACTION**

1.      In this action, Iowa American Insurance Company ("IAIC") seeks a declaration from this Court pursuant to 28 U.S.C. § 2201 et. seq., of the rights and obligations of the parties to the Commercial General Liability Policy issued to "House of Doors, Inc." ("HOD") as set forth in more detail below.

**THE PARTIES**

2.      IAIC is an Ohio corporation with its principal place of business in Columbus, Ohio. At all relevant times, IAIC was authorized to and did in fact issue insurance policies in the State of Illinois.

3.      Upon information and belief, "The Chamberlain Group, Inc." ("Chamberlain"), is a corporation organized and existing under the laws of Delaware with its principal place of business in Oak Brook, Illinois.

4.      Upon Information and belief, Duchossois Real Estate,, Inc. ("DRE"), is a corporation organized and existing under the laws of Delaware with its principal place of business in Chicago, Illinois.

5.      Upon information and belief, Dean Mormino is the plaintiff in an action pending against Chamberlain, who is a nominal but necessary party to this declaratory judgment action and who has been joined herein solely to be bound by the judgment rendered in this cause although no specific relief is sought against him. In the event that Mr. Mormino stipulates and agrees to be bound by the judgment entered in this cause, then IAIC will seek to voluntarily dismiss him from this action. Mr. Mormino is an Illinois resident and citizen of DuPage County, Illinois.

## JURISDICTION AND VENUE

6.      Jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a) because the Plaintiff and Defendants are citizens of different states and the amount in controversy is in excess of $75,000.00.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial part of the events giving rise to IAIC's claim for declaratory judgment occurred within this District.

8.      Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201, an actual controversy exists because the dispute between the parties is definite and concrete, affecting the parties' adverse legal interests with sufficient immediacy as to warrant judicial relief.

## THE POLICY

9.      IAIC issued a Commercial General Liability Policy to "House of Doors, Inc." bearing Policy No. A038640GL, effective from April 8, 2016 to April 8, 2017 ("the Policy"). A true and correct copy of the Policy is attached hereto as Exhibit A and Bates labeled IAIC 0001-IAIC 00100 for ease of reference.

10.     The following language is set forth in the Commercial General Liability Coverage Form ("the CGL Coverage") of the Policy immediately preceding Section I - Coverages:

> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.
>
> The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured.

Exhibit A at IAIC 00043.

11.     The CGL Coverage's Insuring Agreement for Coverage A – Bodily Injury and Property Damage, states as follows:

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.      Insuring Agreement**

a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

\* \* \*

b.      This insurance applies to "bodily injury" . . . only if:

(1)      The "bodily injury" … is caused by an "occurrence" that takes place in the "coverage territory";

(2)      The "bodily injury" … occurs during the policy period; …

3

*Id.*

12.     Section V. of the CGL Coverage defines the following terms:

3.      "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

* * *

13.     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * *

16.     "Products-completed operations hazard":

a.      Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

(1)     Products that are still in your physical possession; or

(2)     Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

(a)     When all of the work called for in your contract has been completed.
(b)     When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.
(c)     When that part of the work done at the job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

22.     "Your work":

a.      Means:

4

      (1)       Work or operations performed by you or on your behalf; and

      (2)       Materials, parts or equipment furnished in connection with such work or operations.

  b.     Includes:

      (1)       Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

      (2)       The providing of or failure to provide warnings or instructions.

* * *

Exhibit A at IAIC 00053-56.

13.     The Policy contains the following relevant Additional Insured Endorsements:

### ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – COMPLETED OPERATIONS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

| Name of Additional Insured Person(s) Or Organization(s): | Location And Description Of Completed Operations |
|---|---|
| **THOSE PERSONS OR ORGANIZATIONS WITH WHOM YOU HAVE AGREED THROUGH A WRITTEN CONTRACT EXECUTED PRIOR TO THE LOSS.** | |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

**Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule but only with respect to liability for "bodily injury" or "property damage" caused, in whole or in part, by "your work" at the location designated and described in the schedule of this endorsement performed for that additional insured and included in the "products – completed operations hazard".

*Id*. at IAIC 00034.

\* \* \*

**ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – COMPLETED OPERATIONS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

| Name of Person or Organization | Location and Description of Completed Operations |
|---|---|
| **THOSE PERSONS OR ORGANIZATIONS WITH WHOM YOU HAVE AGREED TO PROVIDE SUCH COVERAGE IN A WRITTEN CONTRACT, WHICH SPECIFICALLY REQUIRES THAT ENDORSEMENT CG2010 10-01 EDITION DATE (OR AN EQUIVALENT VERSION) BE ADDED TO THE POLICY, AND THE CONTRACT IS EXECUTED PRIOR TO THE DATE OF ANY LOSS.** | |

\* \* \*

**Section II – Who Is An Insured** is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of "your work" at the location designated and described in the schedule of this endorsement performed for that insured and included in the "products-completed operations hazard".

*Id*. at IAIC 00037.

\* \* \*

**ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – COMPLETED OPERATIONS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

6

**SCHEDULE**

| Name of Person or Organization | Location and Description of Completed Operations |
|---|---|
| **THOSE PERSONS OR ORGANIZATIONS WITH WHOM YOU HAVE AGREED TO PROVIDE SUCH COVERAGE IN A WRITTEN CONTRACT, WHICH SPECIFICALLY REQUIRES THAT ENDORSEMENT CG2037 10-01 EDITION DATE (OR AN EQUIVALENT VERSION) BE ADDED TO THE POLICY, AND THE CONTRACT IS EXECUTED PRIOR TO THE DATE OF ANY LOSS.** | |

\* \* \*

**Section II – Who Is An Insured** is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of "your work" at the location designated and described in the schedule of this endorsement performed for that insured and included in the "products-completed operations hazard".

*Id*. at IAIC 00042.

\* \* \*

14.     Section IV of the CGL Coverage contains the following provision:

\* \* \*

**2.     Duties In The Event Of Occurrence, Offense, Claim or Suit**

a.     You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim.

\* \* \*

b.     If a claim is made or a "suit" is brought against any insured, you must:

(1)     Immediately record the specifics of the claim or "suit" and the date received; and
(2)     Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

*Id*. at IAIC 00051.

7

* * *

**THE SUBCONTRACT AGREEMENT BETWEEN HOD AND PEPPER**

15.     On October 23, 2015, HOD and Pepper Construction Company ("Pepper"), entered into a Subcontract Agreement ("the Agreement") wherein HOD agreed to act as a subcontractor for Pepper, the general contractor of the project, to perform all overhead and coiling doors and dock equipment work for Pepper at the premises located at 1818 Swift Road in Oakbrook, Illinois. A true and correct copy of the Agreement is attached hereto and incorporated herein as Exhibit B.

**UNDERLYING FACTS**

16.     HOD, Chamberlain, DRE, and others were named as defendants in a certain action for damages brought by Mr. Mormino captioned *Dean Mormino v. The Duchossois Group, Inc., et al*., Case No. 17-L-7910, currently pending in the Circuit Court of Cook County, Illinois, Law Division ("the Underlying Action"). A true and correct copy of the operative pleading in the Underlying Action, the Sixth Amended Complaint filed on July 16, 2019 ("SAC"), is attached hereto as Exhibit C.

17.     According to the SAC, DRE owned the premises located at 300 Windsor Drive in Oak Brook, Illinois. In addition to the 300 Windsor Drive location, DRE owned the premises located at 1818 Swift Road in Oak Brook, Illinois, which is the shipping address for the 300 Windsor Drive location. Both of the aforementioned locations will be hereinafter collectively referred to as "the construction site."

18.     The SAC further alleges that, in or around August 2016, Pepper contracted with HOD to install a dock shelter at the construction site, which included a foam bottom seal gap.

19.     According to the SAC, HOD negligently installed the dock shelter, which, *inter alia*, was unreasonably dangerous to those walking on the dock area of the premises and

negligently provided a product that was unsafe to those walking on the dock area of the premises.

20.    Because of HOD's alleged negligent acts or omissions, Mr. Mormino suffered injuries when he stepped upon a dock pad in the delivery area while delivering equipment to the construction site, which sprang down, entangling and seriously injuring him on or around January 20, 2017.

21.    The SAC alleges that Chamberlain was a tenant of the construction site and in that capacity, failed to take adequate safety measures to prevent injury during the delivery of a swing gate to the construction site some five or so months after HOD's installation of the dock shelter.

22.    According to the SAC, Chamberlain failed to plan to safely bring the swing gate into the construction site and negligently allowed Mr. Mormino to enter the loading dock area of the construction site on January 20, 2017 to help with the delivery of the swing gate when no such help was to be provided.

## DEFENSE TENDER BY CHAMBERLAIN AND DRE

23.    On July 14, 2021, Chamberlain and DRE tendered their defense and indemnity in the Underlying Action to HOD.

24.    On September 3, 2021, IAIC, HOD's insurer, accepted DRE's defense tender under a reservation of rights and declined Chamberlain's tender under the Policy.

## COUNT I
### (No Duty To Defend Chamberlain As A "Named Insured," "Insured" Or "Additional Insured" Under The Policy)

25.     IAIC realleges and reiterates each and every allegation contained in paragraphs 1 through 24 inclusive, as though fully set forth herein.

26.     As indicated above, the following language is set forth in the Policy immediately preceding Section I - Coverages:

> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.
>
> The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured.

*See* Exhibit A at IAIC 00043.

27.     The "Named Insured" under the Policy is "House of Doors Inc." *Id.* at IAIC 00001.

28.     Chamberlain is not a "Named Insured" under the Policy.

29.     Section II – Who Is An Insured of the Policy is modified by three Additional Insured Endorsements.

30.     Additional Insured Endorsement Form No. CG 2037 07 04 provides additional insured status to "those persons or organizations with whom you have agreed through a written contract executed prior to the loss … but only with respect to liability for 'bodily injury' or 'property damage' caused by 'your work' performed for that additional insured." *Id.* at IAIC 00034.

31.     Similarly, Additional Insured Endorsement Form No. 3458 05 09 provides additional insured status to "those persons or organizations with whom you have agreed to provide such coverage in a written contract … but only with respect to liability arising out of

'your work' … performed for that insured and included in the 'products-completed operations hazard'." *Id.* at IAIC 00037, IAIC 00042.

32.     All of the aforementioned Additional Insured Endorsements are restricted to persons or organizations "with whom" HOD in its capacity as the Named Insured, agrees to provide insurance "by written contract."

33.     According to the SAC, HOD only subcontracted with Pepper to install a dock shelter at the construction site.

34.     The SAC does not contain any allegations that HOD entered into any other written contract with anyone else, especially Chamberlain.

35.     Because of no written contract between HOD and Chamberlain, HOD did not agree with Chamberlain to provide any coverage under the Policy.

36.     Therefore, Chamberlain does not qualify as an "Insured" or an "Additional Insured" under the Policy.

WHEREFORE, IAIC respectfully requests that this Honorable Court enter judgment in its favor and against Chamberlain declaring that:

(a)     IAIC has no duty to defend or to indemnify Chamberlain under the Policy in connection with the SAC filed in the Underlying Action since Chamberlain is not a "Named Insured" under the Policy;

(b)     IAIC has no duty to defend or to indemnify Chamberlain under the Policy in connection with the SAC filed in the Underlying Action since Chamberlain is not an "Insured" or an "Additional Insured" under the Policy;

(c)     IAIC be awarded and recover its just and reasonable costs incurred herein and have execution issue therefor;

and for such other relief and further relief as this Court may deem just and proper under the circumstances.

**COUNT II**
**(Even If Chamberlain Could Qualify As An "Insured" Or "Additional Insured" Under The Policy, There Is No Duty To Defend Chamberlain Under The Terms Of The Additional Insured Endorsements)**

37.     IAIC realleges and reiterates each and every allegation contained in paragraphs 1 through 36 inclusive, as though fully set forth herein.

38.     The Policy provides in pertinent part, the following amendments to its Who Is An Insured provision:

> **Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule but only with respect to liability for "bodily injury" or "property damage" caused, in whole or in part, by "your work" at the location designated and described in the schedule of this endorsement performed for that additional insured and included in the "products –completed operations hazard".

*See* Exhibit A at IAIC 00034.

***

> **Section II – Who Is An Insured** is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of "your work" at the location designated and described in the schedule of this endorsement performed for that insured and included in the "products-completed operations hazard".

*Id*. at IAIC 00037 and IAIC 00042.

39.     As indicated above, for coverage to attach under the Additional Insured Endorsements of the Policy, liability must arise out of HOD's work performed for that insured or additional insured and be included in the "products-completed operations hazard."

40.     The Policy defines "your work" as "[w]ork or operations performed by you or on your behalf and materials, parts or equipment furnished in connection with such work or operations." *See* Exhibit A at IAIC 00056. The Policy's "your work" definition includes "[w]arranties or representations made at any time with respect to the fitness, quality, durability,

performance or use of 'your work', and the providing of or failure to provide warnings or instructions. *Id*.

41.     The Policy defines "Products-completed operations hazard" as including "all 'bodily injury' and 'property damage' occurring away from premises you own or rent and arising out of 'your product' or 'your work'." *Id*. at IAIC 00055.

42.     According to the SAC, HOD subcontracted with Pepper in or around August 2016 to install a dock shelter at the construction site. *See* Exhibit B.

43.     The SAC is devoid of any allegations that HOD contracted with anyone else, particularly Chamberlain, to perform work at the construction site.

44.     Rather, the SAC asserts that Chamberlain was acting in its capacity as a tenant at the construction site when Mr. Mormino was injured.

45.     In fact, the SAC asserts that Mr. Mormino's injuries occurred while he was assisting with the delivery of a swing gate to Chamberlain on January 20, 2017, some five or so months after HOD had completed its work on the dock shelter for Pepper.

46.     In essence, the SAC contains no allegations that HOD was performing any work at the construction site when Mr. Mormino was injured.

47.     Because of HOD not performing any work for Chamberlain at the construction site, Chamberlain does not qualify as an "Insured" or an "Additional Insured" under the Policy and IAIC has no duty to defend Chamberlain against the Underlying Action.

WHEREFORE, IAIC respectfully requests that this Honorable Court enter judgment in its favor and against Chamberlain declaring that:

(a)     IAIC has no duty to defend or to indemnify Chamberlain under the Policy in connection with the sixth amended complaint filed in the Underlying Action since Chamberlain is not entitled to coverage as an "Insured" or "Additional Insured" under the Policy;

(b)     IAIC be awarded and recover its just and reasonable costs incurred herein and have execution issue therefor;

and for such other relief and further relief as this Court may deem just and proper under the circumstances.

## COUNT III
### (Late Notice)

48.     IAIC realleges and reiterates each and every allegation contained in paragraphs 1 through 47 inclusive, as though fully set forth herein.

49.     Strictly in the alternative to Counts I and II, IAIC states that Section IV-Commercial General Liability Conditions provides in pertinent part as follows:

**2.      Duties In The Event Of Occurrence, Offense, Claim or Suit**

a.     You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim.

\* \* \*

b.     If a claim is made or a "suit" is brought against any insured, you must:

(1)     Immediately record the specifics of the claim or "suit" and the date received; and
(2)     Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

*See* Exhibit A at IAIC 00051.

\* \* \*

14

50. According to the SAC, Mr. Mormino was injured on January 20, 2017 by HOD's alleged defective work on the dock shelter at the construction site.

51. The SAC was filed on July 16, 2019.

52. Chamberlain and DRE did not request that IAIC defend or indemnify them with respect to the Underlying Action until July 14, 2021, nearly two years after the SAC was filed naming them as defendants.

53. Because Chamberlain and DRE did not provide timely notice to IAIC as required by the Policy, they failed to comply with the condition precedent to coverage and, therefore, there is no coverage under the Policy.

WHEREFORE, IAIC respectfully requests that this Honorable Court enter judgment in its favor and against Chamberlain and DRE declaring that:

(a) IAIC has no duty to defend or to indemnify Chamberlain under the Policy in connection with the SAC filed in the Underlying Action;

(b) IAIC has no duty to defend or to indemnify DRE under the Policy in connection with the SAC filed in the Underlying Action;

(c) IAIC be awarded and recover its just and reasonable costs incurred herein and have execution issue therefor;

and for such other relief and further relief as this Court may deem just and proper under the circumstances.

Date:  January 19, 2022                           Respectfully Submitted,

                                                  **WALTON LAW GROUP, LLC**

                                         BY:  /s/ Gordon K. Walton
                                              _____
                                              One of the Attorneys for Iowa American
                                              Insurance Company

Gordon K. Walton, Esq.
Walton Law Group, LLC
161 N. Clark Street, Suite 1600
Chicago, Illinois 61350
(main) (312) 523-2106
(fax) (312) 523-2001
A.R.D.C. #6226323
gkwalton@waltonlawgroupllc.com