**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **IOWA AMERICAN INSURANCE COMPANY,** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **No. 22 C 311** |
| **v.** | ) |
| | ) **Magistrate Judge Finnegan** |
| **THE CHAMBERLAIN GROUP, INC.** | ) |
| **and DUCHOSSOIS REAL ESTATE,** | ) |
| **LLC,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## ORDER

In this insurance coverage dispute, Plaintiff Iowa American Insurance Company ("IAIC") brings suit against The Chamberlain Group, Inc. ("Chamberlain") and Duchossois Real Estate, LLC ("DRE") (together, "Defendants"), seeking a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*[1] The case arises out of an underlying lawsuit in the Circuit Court of Cook County, Illinois, *Mormino v. The Duchossois Group, Inc. et al.*, Case No. 17-L-7910 (the "Cook County Action"). DRE and Chamberlain were named as defendants in the Cook County Action, which settled after two weeks of trial. (Doc. 42). IAIC agreed to (and did) defend DRE in the Cook County Action, subject to a reservation of rights, but maintained no duty to defend Chamberlain. (Doc. 33 ¶¶ 24-25; Doc. 49, at 14). Currently before the Court is IAIC's motion for judgment on the pleadings (Doc. 48), in which it requests a declaration that it has no duty

---

[1] IAIC's initial complaint in this action named an additional defendant, Dean Mormino. The parties later stipulated that Mormino, as a nominal party to this action, would be bound by any declaratory judgment entered in the case, and Mormino was dismissed without prejudice. (Docs. 18-1, 28). IAIC then filed the operative amended complaint. (Doc. 33).

to defend or indemnify either defendant in connection with the Cook County Action, as well as reimbursement of its costs incurred in defending DRE.  Defendants do not oppose the motion as to Chamberlain (Doc. 50, at 2), and the Court therefore grants the motion as it relates to IAIC's duty to defend or indemnify Chamberlain.  Defendants contest the motion as applied to DRE.  For the following reasons, the motion is denied with regard to DRE.[2]

## BACKGROUND

### A.    The Cook County Action

IAIC is an insurance company.  It issued a commercial general liability policy to House of Doors, Inc. ("HOD"), effective for a one-year period beginning on April 8, 2016 (the "Policy").  (Doc. 33 ¶ 9; Doc. 33-1).  HOD entered into a subcontract agreement with a general contractor, Pepper Construction Company ("Pepper"), pursuant to which HOD would perform work on all overhead and coiling doors and dock equipment for Pepper at the premises located in Oak Brook, Illinois (the "Premises").  (Doc. 33 ¶ 16; Doc. 33-2).  Chamberlain was a commercial tenant of the Premises, which DRE owned.  (Doc. 33 ¶¶ 18, 21).

In August 2016, Pepper contracted with HOD to install a dock shelter at the Premises.  (*Id.* ¶ 19).  Months after the installation, on January 20, 2017, Dean Mormino was allegedly injured while delivering a gate through the loading dock to Chamberlain. (*Id.* ¶ 20).  Mormino brought suit in the Circuit Court of Cook County, Illinois, Law Division. He alleged that Chamberlain, in its capacity as a tenant, failed to take adequate safety

---

[2]    The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (Docs. 18-2, 22).

measures to prevent injury during the delivery and negligently allowed him to enter the loading dock area of the construction site. (*Id.* ¶ 22).

Chamberlain and DRE were ultimately named as defendants in the Cook County Action and tendered their defense and indemnity to HOD on July 14, 2021. (*Id.* ¶ 23). Less than two months later, on September 3, 2021, IAIC (as HOD's insurer) informed DRE via letter that it would defend it in the Cook County Action, subject to a reservation of rights. (*Id.* ¶¶ 24-25). In its letter (attached to and referenced in the First Amended Complaint), IAIC stated,

> [IAIC] agrees to defend DRE in the [Cook County] Action subject to a reservation of its right to assert any defense subsequently discovered as this case develops. [IAIC]'s agreement to undertake the defense of DRE is conditioned upon its understanding of the current pleadings and the fact that a written contract exists between HOD and DRE requiring HOD to include DRE as an additional insured on its Policy. Moreover, [IAIC] reserves its right to withdraw its participation in the defense of the [Cook County] Action should it be determined that coverage does not apply and to file a declaratory judgment action to determine the parties' rights and obligations under the Policy. [IAIC] further reserves the right to seek reimbursement from DRE of any legal fees and costs incurred in its defense should it be determined that [IAIC] has no duty or obligation to defend under the Policy.

(Doc. 33-4, at 10). The letter also stated:

> Please note that the Policy requires an insured to give notice to [IAIC] "as soon as practicable" of an "occurrence" or an offense that may result in a claim. Here, DRE tendered its defense in the [Cook County] Action to [IAIC] approximately twenty-four months after the sixth amended complaint naming our insured, HOD, as a defendant, was filed. Under Illinois law, such a delay is considered unreasonable. *See AMCO Insurance Co. v. Erie Insurance Co.*, 2016 IL App (1st) 142660. Therefore, [IAIC] reserves its right to further deny coverage to the extent that the late notice defense may apply to bar coverage under the Policy.[3]

---

[3] The letter was written by counsel on behalf of "Iowa Mutual Group" ("IMG"). (*Id.* at 2). In the First Amended Complaint, IAIC refers to itself as the author of the letter. (Doc. 33 ¶¶ 24-27). The Court presumes these are related entities and, for ease for reference, substitutes IAIC for IMG.

(Doc. 33-4, at 10). IAIC denied any duty to defend Chamberlain under the Policy. (Doc. 33 ¶ 24). The Cook County Action later settled. (Doc. 42).

### B.    IAIC's Motion for Judgment on the Pleadings

IAIC brought this declaratory judgment action on January 19, 2022 while the underlying lawsuit was ongoing. In its original complaint, IAIC alleged that it has no duty to defend or indemnify Chamberlain in connection with the Cook County Action because Chamberlain does not qualify for coverage under the Policy (Counts I and II). (Doc. 1 ¶¶ 25-47). Specifically, the complaint sought a declaration that: IAIC has no duty to defend or indemnify Chamberlain because it is not a "Named Insured," "Insured," or "Additional Insured" under the Policy (Count I); and even if Chamberlain could qualify for coverage as an insured, IAIC has no duty to defend or indemnify Chamberlain under the terms of the Additional Insured Endorsements of the Policy (Count II). IAIC also alleged that it has no duty to defend or indemnify either Chamberlain or DRE because they failed to provide timely notice of the Cook County Action as required under the Policy (Count III). (*Id.* ¶¶ 48-53). On June 3, 2022, IAIC filed a first amended complaint, realleging Counts I-III and adding an additional count seeking reimbursement of its costs incurred in defending DRE "[t]o the extent that this Court determines that the claims asserted in the [Cook County] Action are not covered under the Policy." (Doc. 33 ¶¶ 56-62).

Following the settlement of the Cook County Action, the parties attempted but were unable to settle this declaratory judgment action. On April 3, 2023, IAIC brought the instant motion, in which it claims that it is entitled to judgment on the pleadings against both Chamberlain and DRE. IAIC first contends that it is entitled to a declaration that it has no duty to defend or indemnify Chamberlain or DRE in connection with the Cook

County Action because neither qualifies as a "Named Insured," "Insured," or "Additional Insured" under the Policy (Counts I and II). (Doc. 49, at 1-2, 10-11).[4] IAIC also argues that Policy coverage is precluded as to both defendants because they failed to provide timely notice to IAIC of the Cook County Action (Count III). (Doc. 49, at 2, 11-12). Finally, should the Court determine that IAIC bears no duty to defend DRE, IAIC seeks reimbursement of its fees and costs incurred in defending DRE in the Cook County Action (Count IV). (*Id.* at 3, 14-15).

On July 11, 2023, the Court held a motion hearing on IAIC's motion for judgment on the pleadings. (Docs. 52-53). As to Counts I and II of the First Amended Complaint, counsel for IAIC clarified during the hearing that IAIC only seeks a declaration that Chamberlain does not qualify as an insured under the Policy. That is, despite arguing that neither Chamberlain nor DRE qualifies as a "Named Insured," "Insured," or "Additional Insured" under the Policy throughout its motion and reply (*see* Doc. 49, at 1-2, 10-11; Doc. 51, at 2-4), IAIC only seeks such a declaration as to Chamberlain.[5] Without objection, the Court grants IAIC's motion as to Chamberlain with respect to Counts I and II of the First Amended Complaint. In light of this ruling, and by agreement of the parties, the Court need not reach the issue of whether late notice also precludes Policy coverage as to Chamberlain (Count III), and the motion is denied as moot in this regard.

---

[4]    IAIC only asserted Counts I and II against Chamberlain in the First Amended Complaint—not DRE. (Doc. 33 ¶¶ 28-49). *See infra*.

[5]    After Defendants argued in their response to the motion that the issue of whether DRE qualifies as an additional insured under the Policy was not properly before the Court because IAIC did not allege Counts I and II against DRE (Doc. 50, at 2, 4-5), IAIC devoted an entire section of its reply brief to its argument that "DRE's Additional Insured Status Is Properly Before This Court." (Doc. 51, at 3-4). Oddly, during the July 11, 2023 motion hearing, however, IAIC's counsel stated that IAIC is not seeking a declaration that DRE does not qualify as an additional insured under the Policy, and its position has always been that Policy coverage is precluded as to DRE solely based on its failure to provide timely notice of the Cook County Action.

Defendants maintain, however, that Policy coverage is not precluded on late-notice grounds as to DRE, and thus oppose the motion as it applies to Counts III and IV against DRE.

## DISCUSSION

### A. Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is assessed under the same standard as a motion to dismiss under Rule 12(b)(6). *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020); *Cornice & Rose Int'l, LLC v. Acuity*, 631 F. Supp. 3d 551, 554 (N.D. Ill. 2022). The Court "views all facts and inferences in the light most favorable to the non-moving party." *Federated Mut. Ins. Co.*, 983 F.3d at 313 (citation omitted). "When a plaintiff moves for judgment on the pleadings, the motion should not be granted unless it appears beyond doubt that the nonmovant cannot prove facts sufficient to support its position, and that the plaintiff is entitled to relief." *Scottsdale Ins. Co. v. Columbia Ins. Grp., Inc.*, 972 F.3d 915, 919 (7th Cir. 2020). To succeed, the movant "must demonstrate that there are no material issues of fact to be resolved." *Federated Mut. Ins. Co.*, 983 F.3d at 313 (quoting *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998)).

"As the name suggests, a motion for judgment on the pleadings depends on the content of the pleadings alone." *Ruebe v. PartnerRe Ireland Ins. DAC*, 470 F. Supp. 3d 829, 843 (N.D. Ill. 2020) (citing *N. Ind. Gun & Outdoor Shows*, 163 F.3d at 452). "Pleadings include the complaint, the answer, and any written instruments attached as exhibits." *Federated Mut. Ins. Co.*, 983 F.3d at 312-13 (internal quotations and citation

6

omitted). The Court may also "take judicial notice of appropriate materials, such as documents that are critical to the complaint and referred to in it," as well as "proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue." *Ruebe*, 470 F. Supp. 3d at 843-44 (internal quotations and citations omitted).

### B. Analysis

The primary issue remaining before the Court is whether IAIC is entitled to judgment on the pleadings as to Count III of the First Amended Complaint against DRE.

### 1. Compliance with Policy's Notice Requirements

According to IAIC, the Court should declare that coverage under the Policy is precluded because DRE failed to comply with the Policy's notice provisions, and IAIC therefore has no duty to defend or indemnify DRE in connection with the Cook County Action. Specifically, IAIC claims that DRE ran afoul of the Policy's requirements that: (1) the insurer must be notified "as soon as practicable" of "an 'occurrence' or an offense which may result in a claim" or "[i]f a claim is made or 'suit' is brought against any insured" (the latter of which must be in writing); and (2) an insured must "immediately send [the insurer] copies of any demands, notices, summonses or legal papers received in connection with the claim or 'suit.'" (Doc. 33 ¶¶ 51-55; Doc. 33-1, at 52-53; Doc. 49, at 2, 11-13). As to the requirement of notice "as soon as practicable," IAIC contends that DRE's tender of its defense on July 14, 2021—years after DRE was named as a defendant in the Cook County Action—was unreasonable. IAIC claims that this delay in notice, as well as DRE's failure to "immediately send copies of the underlying complaints to IAIC" (Doc. 49, at 2, 12-13), warrant judgment on the pleadings.

Based on the pleadings, the Court is unable to determine the reasonableness of the notice that DRE provided to IAIC. Notice provisions such as the "as soon as practicable" provision at issue here require that notice be given "within a reasonable time," which depends on the facts and circumstances. *W. Am. Ins. Co. v. Yorkville Nat'l Bank*, 238 Ill. 2d 177, 185, 939 N.E. 2d 288, 293 (2010) (quoting *Country Mutual Ins. Co. v. Livorsi Marine, Inc.*, 222 Ill. 2d 303, 311-12, 856 N.E.2d 338, 343 (2006)). "A lengthy passage of time in notification is not an absolute bar to a claim of defense and indemnity under a policy, provided the facts and circumstances show that the insured's delay was justifiable." *State Automobile Mut. Ins. Co. v. Lot'sa Liquors, Ltd.*, __ F. Supp. 3d ___, No. 21 C 2831, 2023 WL 3763541, at *3 (N.D. Ill. May 31, 2023) (quoting *Northbrook Prop. & Cas. Ins. Co. v. Applied Sys., Inc.*, 313 Ill. App. 3d 457, 465, 729 N.E.2d 915, 921 (2000)). Courts in Illinois consider the following factors in determining whether notice has been provided within a reasonable time: "(1) the specific language of the policy's notice provision; (2) the insured's sophistication in commerce and insurance matters; (3) the insured's awareness of an event that may trigger insurance coverage; (4) the insured's diligence in ascertaining whether policy coverage is available; and (5) prejudice to the insurer." *Yorkville*, 238 Ill. 2d at 185-86, 939 N.E. 2d at 293-94 (citing *Country Mutual*, 222 Ill. 2d at 313, 856 N.E.2d at 344).

There is no dispute that DRE tendered its defense and indemnity in the Cook County Action on July 14, 2021—years after it was named as a defendant in the lawsuit in 2019. And the pleadings give no indication that DRE attempted to notify IAIC of the claims against it at any point prior to its tender in July 2021. But IAIC would have the Court conclude, based on this factual allegation alone, that such a delay is unreasonable

8

without pointing to any facts that allow the Court to assess: DRE's potential diligence in ascertaining whether Policy coverage was available; IAIC's potential knowledge of the claims prior to receiving notice, which the Illinois Supreme Court has stated is relevant to assessing any prejudice to the insurer (*see Yorkville*, 238 Ill. 2d at 189, 939 N.E. 2d at 296); or any other facts that may bear on the reasonableness of the notice provided in this case. Instead, IAIC appears to contend that a court can determine whether notice to an insurer is reasonable based solely on the length of time between the potential insured's being named in a lawsuit and tender of its defense to the insurer. Yet, as IAIC's counsel conceded at the July 11, 2023 hearing, all of the cases upon which IAIC relies were decided at summary judgment or trial, where the courts' reasonableness analyses had the benefit of factual development beyond the pleadings. (Doc. 49, at 13 (citing cases)).

This is not surprising as "[t]he timeliness of an insured's notice to its insurer generally is a question of fact for the trier of fact." *Yorkville*, 238 Ill. 2d at 185, 939 N.E. 2d at 293. It may be resolved as a matter of law, however, when no material facts are in dispute. *See Lot'sa Liquors*, 2023 WL 3763541, at *3 ("The reasonableness of notice is a question of law on undisputed material facts.") (quotations and citation omitted); *Towne Place Condo. Ass'n v. Phil. Indem. Ins. Co.*, No. 17 C 1561, 2019 WL 3287837, at *4 (N.D. Ill. July 22, 2019) (where no material facts are in dispute, whether a party has complied with a notice provision is "a question of law that may be resolved on summary judgment"). Here, the dearth of factual information in the pleadings regarding who knew what and when leaves the Court unable to determine both whether IAIC had knowledge of the claims against DRE at any point prior to DRE's tender of its defense and indemnity and whether the notice provided to IAIC was reasonable. As a result, and construing all

9

facts and inferences in favor of DRE, as the Court must do at this stage, the Court cannot say that it is "beyond doubt that [DRE] cannot prove facts sufficient to support its position." *Federated Mut. Ins. Co.*, 983 F.3d at 313.  IAIC's motion for judgment on the pleadings is, therefore, denied as to Count III of the First Amended Complaint.

Finally, IAIC contends in its motion that DRE failed to comply with the Policy's notice provisions because it did not "immediately send copies of the underlying complaints to IAIC."  (Doc. 49, at 2).  But the only shortfall IAIC identifies in Count III of the First Amended Complaint is late notice—not a failure to provide copies of the complaint from the Cook County Action or any other documents required by the Policy. (Doc. 33 ¶¶ 50-55).  IAIC's motion for judgment on the pleadings must therefore also be denied on this basis.

## 2.    Actual Notice Doctrine

While DRE admitted in its Answer to the First Amended Complaint that it did not request that IAIC defend or indemnify it until nearly two years after being named as a defendant in the Cook County Action (Doc. 38 ¶ 54), DRE denied that "[b]ecause Chamberlain and DRE did not provide timely notice to IAIC as required by the Policy, they failed to comply with the condition precedent to coverage and, therefore, there is no coverage under the Policy."  (*Id.* ¶ 55).  During the July 11, 2023 motion hearing, however, DRE's counsel acknowledged that the two-year delay in tendering its defense and indemnity meant DRE faced an "uphill battle" in showing it had provided notice "as soon as practicable" under the Policy.  Likely for this reason, DRE's response brief contends that the Policy's notice requirements were satisfied because IAIC received "actual notice" of the Cook County Action when its insured, HOD, as well DRE, were added as

defendants in the Fifth Amended Complaint on January 18, 2019. (Doc. 50, at 2-3, 6-8). In other words, DRE claims that once HOD was named as a defendant in the Cook County Action, IAIC had written notice of the claims against DRE and its duty to defend DRE was triggered. (*Id.*). DRE further argues that, because IAIC had actual notice of the Cook County Action and claims against DRE, IAIC suffered no prejudice from DRE's tender of its defense and indemnity in July 2021.

Under Illinois law, an insurer's "actual notice" of a lawsuit may trigger defense obligations even if the insured has not tendered the suit and requested a defense. *LaGrange Memorial Hosp. v. St. Paul Ins. Co.*, 317 Ill. App. 3d 863, 871, 740 N.E.2d 21, 28 (1st Dist. 2000); *Illinois Founders Ins. Co. v. Barnett*, 304 Ill. App. 3d 602, 607, 710 N.E.2d 28, 32 (1st Dist. 1999). As a result, "[t]he Seventh Circuit has recognized that an insurer's actual knowledge of the matter of which the insured was required to provide notice can substitute for notice from the insured, even when the insured's delay in providing notice is lengthy and unjustified." *Towne*, 2019 WL 3287837, at *8 (citing *Kmart Corp. v. Footstar, Inc.*, 777 F.3d 923, 933 (7th Cir. 2015)). An insurer has "actual notice" of an underlying lawsuit "where it has sufficient information to locate and defend the suit." *Yorkville*, 238 Ill. 2d at 190, 939 N.E. 2d at 296 (citing *Cincinnati Cos. v. W. Am. Ins. Co.*, 183 Ill. 2d 317, 329, 701 N.E.2d 499, 505 (1998)). "[A]ctual notice sufficient to locate and defend a suit" requires that the insurer knows both that: (1) "a cause of action has been filed"; and (2) "the complaint falls within or potentially within the scope of the coverage of one of its policies." *Id.*

IAIC contends that whether it had actual notice of the Cook County Action prior to DRE's tender of its defense and indemnity is immaterial to the timeliness of the notice it

received. (Doc. 51, at 6-10). The Court disagrees. The Illinois Supreme Court has rejected the notion that "actual notice has no bearing on whether notice was given within a reasonable time" and stated that "actual notice to an insurer is relevant to whether the insurer has been prejudiced by a delay in receiving written notice as specified by the policy." *Yorkville*, 238 Ill. 2d at 189, 939 N.E. 2d at 296 (internal quotations omitted); *see also Kmart*, 777 F.3d at 933 (noting that the Illinois Supreme Court, in *Yorkville*, "highlighted that an important factor is whether the insuring party [] had actual notice of the lawsuit").

According to DRE, "[t]here is no question of material fact that IAIC received actual notice of the [Cook County Action] when HOD was added as a Defendant in Plaintiff's Fifth Amended Complaint in January 2019." (Doc. 50, at 6). In the Court's view, this is far from clear. To begin, the pleadings do not identify when IAIC became aware that the Cook County Action had been filed against DRE. DRE assumes, without pointing to any supporting facts, that IAIC obtained knowledge of the Cook County Action as soon as its insured, HOD, and DRE were added as defendants in the Fifth Amended Complaint on January 18, 2019. (*Id.* at 6-8). As the Court noted during the July 11, 2023 hearing, the First Amended Complaint in this case alleges that "Chamberlain and DRE did not request that IAIC defend or indemnify them with respect to the [Cook County] Action until July 14, 2021, *nearly two years after the SAC [or Sixth Amended Complaint] was filed naming them as defendants*." (Doc. 33 ¶ 54) (emphasis added). And Defendants admitted this allegation in their Answer. (Doc. 38 ¶ 54). Thus, despite initially admitting that DRE was named as a defendant in the Sixth Amended Complaint filed on July 16, 2019 (*id.* ¶¶ 53-54), DRE now states that DRE (as well as HOD) was added as a defendant in the Fifth

12

Amended Complaint filed on January 18, 2019, and attaches a copy of that complaint to its response showing that to be the case.  (Docs. 50-1 & 50-2).  Although IAIC appeared to take issue with this clarification in its reply and asked the Court to not take judicial notice of the Fifth Amended Complaint (Doc. 51, at 6), IAIC's counsel indicated at the July 11, 2023 hearing that the discrepancy was immaterial given that only a matter of months transpired between the filing of these amended complaints in the Cook County Action. Regardless, it remains unclear when and how IAIC became aware of the litigation against DRE.  At the hearing, counsel for IAIC stated that it was his understanding that IAIC was made aware of the claims against DRE through the Sixth Amended Complaint.  All that can be gleaned from the pleadings, however, is that at some point prior to IAIC's September 3, 2021 reservation-of-rights letter, it became aware of the claims against DRE in the Cook County Action.

The pleadings likewise leave the Court in the dark as to when IAIC may have known that the claims against DRE in the Cook County Action fell "within or potentially within the scope of the coverage" of the Policy.  *Yorkville*, 238 Ill. 2d at 190, 939 N.E. 2d at 296 (citing *Cincinnati*, 183 Ill. 2d at 329-30, 701 N.E.2d at 505).  The pleadings shed no light on whether IAIC had the requisite information to determine whether DRE (or others) might qualify for coverage under the Policy whenever it became aware of the Cook County Action.  Certainly, IAIC conducted an analysis of DRE's potential coverage at some point prior to the September 2021 reservation-of-rights letter, but the pleadings are silent as to further details.  Thus, based solely on the pleadings, the Court cannot determine whether IAIC had actual notice of the claims against DRE in the Cook County

13

Action and their potential Policy coverage at any point prior to DRE's tender of its defense and indemnity in July 2021.

IAIC raises three additional issues related to actual notice that require only brief discussion. First, IAIC contends that *AMCO Insurance Co. v. Erie Insurance Exchange*, 2016 IL App (1st) 142660, a summary judgment decision, is "very instructive as to why the actual notice doctrine does not apply in this instance." (Doc. 51, at 9). In particular, IAIC draws attention to the distinction between the actual notice analyses in *AMCO* and *Cincinnati Cos*. (*Id*. at 7-10). In *AMCO,* an Illinois Appellate Court relied in part on the dissenting opinion in *Yorkville* (an Illinois Supreme Court case) in concluding that actual notice was inapplicable where the policy's notice provisions were at issue, 2016 IL App (1st) 142660 ¶ 32; however, the *AMCO* court ignored the *Yorkville* majority opinion's holding that "[c]ontrary to the appellate court's statement that actual notice has 'no bearing' on whether notice was given within a reasonable time, actual notice to an insurer is relevant to whether the insurer has been prejudiced by a delay in receiving written notice *as specified by the policy*." *See Yorkville*, 238 Ill. 2d at 189, 939 N.E. 2d at 296 (emphasis added). The Seventh Circuit's analysis in *Kmart* also undercuts IAIC's ostensible claim that actual notice can never satisfy a policy's notice requirements. *Kmart*, 777 F.3d at 933 (citing *Yorkville* and determining that actual notice factored directly into whether there was a "material breach of *the notice provision*") (emphasis added).

Next, IAIC suggests (Doc. 51, at 8) that the actual notice doctrine is inapplicable here because Illinois case law distinguishes between actual notice for parties that are listed on an insurance policy (whether a named insured, insured, or additional insured) and those that are not. *Compare Cincinnati*, 183 Ill. 2d at 329-30, 701 N.E.2d at 505

14

(insurer's actual notice of the lawsuit against its additional insured was clear where the latter was listed as an additional insured on the policy and another party tendered its defense in that same lawsuit shortly after receiving notice of the suit) *with Home Ins. Co. v. U.S. Fidelity & Guaranty Co*., 324 Ill. App.3d 981, 994, 755 N.E.2d 122, 134 (1st Dist. 2001) (distinguishing *Cincinnati* where the additional insured was neither named nor listed on the policy) *and Pekin Ins. Co. v. Fidelity & Guaranty Ins. Co*., 357 Ill. App.3d 891, 903, 830 N.E.2d 10, 20 (4th Dist. 2005) (where putative insured was not listed on the policy, "mere notice of the underlying cause of action alone did not necessarily put Pekin on notice that it owed a defense to its omnibus insured").

No case cited by IAIC, however, has held that actual notice is necessarily inapplicable to cases involving unnamed but potential insureds, and there are well-reasoned cases holding otherwise. For example, in *Lincoln General Insurance Co. v. Joseph T. Ryerson & Son, Inc*., No. 14 C 8446, 2015 WL 3819215 (N.D. Ill. June 18, 2015), the court stated,

> [T]he actual notice rule applies even in cases that do not involve named or additional insureds. The only difference between the two types of cases is that, in the case of named or additional insureds, mere notice of the underlying suit alone might be enough to satisfy both actual notice prongs. In contrast, when the provision at issue is an omnibus clause, mere knowledge of the underlying suit alone is not enough; the insurer must also have actual notice of the insured's potential coverage under the provision.

2015 WL 3819215, at *4-5 (internal and external citations omitted). The court in *Lincoln General* ultimately concluded that whether the insurer had actual notice was a factual issue that could not be resolved at the motion to dismiss stage. *Id*. at *5; *see also Home Ins. Co*., 324 Ill. App.3d at 990-96, 755 N.E.2d at 131-36 (finding judgment as a matter of law inappropriate where factual issue remained as to when insurer knew that potential insured might be covered by the policy provision). Here, whether IAIC had actual notice

of DRE's potential coverage cannot be answered simply by looking at the pleadings and Policy and thus is inappropriate for judgment on the pleadings.

Finally, IAIC claims in conclusory fashion that DRE has forfeited its actual notice argument because it failed to plead actual notice as an affirmative defense. (Doc. 51, at 1-3). IAIC is incorrect. "An affirmative defense is one that admits the allegations in the complaint, but avoids liability, in whole or in part, by new allegations of excuse, justification or other negating matters." *Reed v. Columbia St. Mary's Hosp.*, 915 F.3d 473, 477 n.1 (7th Cir. 2019) (quoting *Divine v. Volunteers of Am. of Ill.*, 319 F. Supp. 3d 994, 1003 (N.D. Ill. 2018)). But in its Answer to the First Amended Complaint, DRE *denied* IAIC's allegation that it did not provide timely notice to IAIC as required by the Policy. (Doc. 38 ¶ 55). Additionally, IAIC has not identified any authorities stating that actual notice is an affirmative defense (*i.e.*, an excuse that bails an insured out after fumbling the policy's notice requirement), rather than simply an alternate method of satisfying the notice requirement, as explained in *Yorkville* and *Kmart*. In any event, IAIC waived any such argument by citing no authority for its claim that DRE was required to include actual notice in its answer to *IAIC's* pleading—as an affirmative defense or otherwise—in order to contest IAIC's late notice claim. *White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021) (arguments unsupported by pertinent authority are waived).

For all of these reasons, the Court concludes that IAIC's potential actual notice of DRE's claims is relevant to whether IAIC has a duty to defend and indemnify DRE. Since this cannot be resolved at the pleadings stage, IAIC's motion for judgment on the pleadings on Count III (based on alleged late notice) is also denied on this basis.

Given the above, the Court also denies IAIC's request in Count IV for reimbursement of its fees and costs in defending DRE in the Cook Count Action.

## CONCLUSION

For the above reasons, IAIC's motion for judgment on the pleadings [48] is: granted as to Chamberlain with respect to Counts I and II of the First Amended Complaint; denied as moot as to Chamberlain with respect to Count III; and denied as to DRE with respect to Counts III and IV. In light of this ruling, the parties are to meet and confer and file a joint status report outlining proposed next steps for this litigation by August 8, 2023. If the parties believe that additional discovery is necessary, they are to specify the scope of any such discovery in the joint status report and provide a proposed schedule for taking such discovery. If the parties believe they can proceed to summary judgment briefing at this time, they are to propose an agreed briefing schedule. The parties are encouraged to engage in settlement discussions and should contact the Court's courtroom deputy if they are interested in participating in a settlement conference before another magistrate judge.

ENTER:

Dated: July 25, 2023

_____
SHEILA FINNEGAN
United States Magistrate Judge