THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IOWA AMERICAN INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 22-cv-0311 |
| v. | ) ) | Hon. Judge Mary M. Rowland |
| | ) | Hon. Magistrate Judge Sheila Finnegan |
| DUCHOSSOIS REAL ESTATE, LLC, | ) ) | |
| Defendant. | ) ) | |

**SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF**

Plaintiff, IOWA AMERICAN INSURANCE COMPANY, by and through its attorneys, WALTON LAW GROUP, LLC, and for its Second Amended Complaint for Declaratory Judgment and Other Relief against Defendant, Duchossois Real Estate, LLC, states as follows:

**NATURE OF ACTION**

1. In this action, Iowa American Insurance Company ("IAIC") seeks a declaration from this Court pursuant to 28 U.S.C. § 2201 et. seq., of the rights and obligations of the parties to the commercial general liability policy issued to House of Doors, Inc. ("HOD") as set forth in more detail below.

**THE PARTIES**

2. IAIC is an Ohio corporation with its principal place of business in Columbus, Ohio. At all relevant times, IAIC was authorized to and did in fact issue insurance policies in the State of Illinois.

3. Duchossois Real Estate, LLC ("DRE"), is a limited liability company organized and existing under the laws of Delaware with its principal place of business in Chicago, Illinois.

1

4. All of the members of DRE are not citizens of Ohio or have principal places of businesses in Ohio.

5. At all relevant times, DRE was and remains sophisticated in commerce and insurance matters.

## JURISDICTION AND VENUE

6. Jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a) because the Plaintiff and Defendants are citizens of different states and the amount in controversy is in excess of $75,000.00.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial part of the events giving rise to IAIC's claim for declaratory judgment occurred within this District.

8. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201, an actual controversy exists because the dispute between the parties is definite and concrete, affecting the parties' adverse legal interests with sufficient immediacy as to warrant judicial relief.

## THE POLICY

9. IAIC issued a commercial general liability policy to House of Doors, Inc. bearing Policy No. A038640GL, effective from April 8, 2016 to April 8, 2017 ("the Policy"). A true and correct copy of the Policy is attached hereto as Exhibit A and Bates labeled IAIC 0001- IAIC 00100 for ease of reference.

10. The following language is set forth in the Commercial General Liability Coverage Form ("the CGL Coverage") of the Policy immediately preceding Section I - Coverages:

> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

> The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured.

Exhibit A at IAIC 00043.

11. The CGL Coverage's Insuring Agreement for Coverage A – Bodily Injury and Property Damage, states as follows:

> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.
>
> * * *
>
> b. This insurance applies to "bodily injury" and "property damage" only if:
>
> (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
> (2) The "bodily injury" or "property damage" occurs during the policy period; …

*Id.*

12. Section V. of the CGL Coverage defines the following terms:

> 3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
>
> * * *
>
> 13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
>
> * * *
>
> 16. "Products-completed operations hazard":

3

    a.    Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:
        (1)    Products that are still in your physical possession; or

        (2)    Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

            (a)    When all of the work called for in your contract has been completed.
            (b)    When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.
            (c)    When that part of the work done at the job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

    Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

17.    "Property damage" means:

    a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
    b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

                      \* \* \*

22.    "Your work":

    a.    Means:

        (1)    Work or operations performed by you or on your behalf; and
        (2)    Materials, parts or equipment furnished in connection with such work or operations.

    b.    Includes:

    (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

    (2) The providing of or failure to provide warnings or instructions.

* * *

Exhibit A at IAIC 00053-56.

 13. Section IV of the CGL Coverage contains the following provision:

* * *

 **2.** **Duties In The Event Of Occurrence, Offense, Claim or Suit**

  a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

   (1) How, when and where the "occurrence" or offense took place;
   (2) The names and addresses of any injured persons and witnesses; and
   (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

  b. If a claim is made or a "suit" is brought against any insured, you must:

   (1) Immediately record the specifics of the claim or "suit" and the date received; and
   (2) Notify us as soon as practicable.

  You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

  c. You and any other involved insured must:

   (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
   (2) Authorize us to obtain records and other information;
   (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and
   (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the

5

       insured because of injury or damage to which this insurance may also apply.

  d.  No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

*See* Exhibit A at IAIC 00051-52.

* * *

  14.  The Policy contains the following relevant Additional Insured Endorsements:

**ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – COMPLETED OPERATIONS**
**(COMMERCIAL GENERAL LIABILITY FORM CG 20 37 07 04)**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

| Name of Additional Insured Person(s) Or Organization(s): | Location And Description Of Completed Operations |
|---|---|
| **THOSE PERSONS OR ORGANIZATIONS WITH WHOM YOU HAVE AGREED THROUGH A WRITTEN CONTRACT EXECUTED PRIOR TO THE LOSS.** | |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

**Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule but only with respect to liability for "bodily injury" or "property damage" caused, in whole or in part, by "your work" at the location designated and described in the schedule of this endorsement performed for that additional insured and included in the "products – completed operations hazard".

*Id*. at IAIC 00034.
* * *

**ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – COMPLETED OPERATIONS**

6

**(COMMERCIAL GENERAL LIABILITY FORM CG 3458 05 09)**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

| **Name of Person or Organization** | **Location and Description of Completed Operations** |
|---|---|
| **THOSE PERSONS OR ORGANIZATIONS WITH WHOM YOU HAVE AGREED TO PROVIDE SUCH COVERAGE IN A WRITTEN CONTRACT, WHICH SPECIFICALLY REQUIRES THAT ENDORSEMENT CG2010 10-01 EDITION DATE (OR AN EQUIVALENT VERSION) BE ADDED TO THE POLICY, AND THE CONTRACT IS EXECUTED PRIOR TO THE DATE OF ANY LOSS.** ||

\* \* \*

**Section II – Who Is An Insured** is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of "your work" at the location designated and described in the schedule of this endorsement performed for that insured and included in the "products-completed operations hazard".

*Id*. at IAIC 00037.

\* \* \*

**ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – COMPLETED OPERATIONS
(COMMERCIAL GENERAL LIABILITY FORM CG 3458 05 09)**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

| **Name of Person or Organization** | **Location and Description of Completed Operations** |
|---|---|
| **THOSE PERSONS OR ORGANIZATIONS WITH WHOM YOU HAVE AGREED TO PROVIDE SUCH COVERAGE IN A WRITTEN CONTRACT, WHICH SPECIFICALLY** ||

> **REQUIRES THAT ENDORSEMENT CG2037 10-01 EDITION DATE (OR AN EQUIVALENT VERSION) BE ADDED TO THE POLICY, AND THE CONTRACT IS EXECUTED PRIOR TO THE DATE OF ANY LOSS.**

\* \* \*

**Section II – Who Is An Insured** is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of "your work" at the location designated and described in the schedule of this endorsement performed for that insured and included in the "products-completed operations hazard".

*Id*. at IAIC 00042.

15. The Policy also contains the following endorsement:

**ILLINOIS CHANGES – DEFENSE COSTS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

\* \* \*

**A.** The provisions of paragraph **B**. are added to all Insuring Agreements that set forth a duty to defend under:

 1. Section **I** of the Commercial General Liability; Commercial Liability Umbrella, Employment-Related Practices Liability, Farm Liquor Liability, Owners and Contractors Protective Liability, Pollution Liability, Products/Completed Operations Liability, Product Withdrawal, Professional Liability, Railroad Protective Liability, Underground Storage Tank Coverage Parts and the Farm Umbrella Liability Policy:

 2. Section **II** – Liability Coverage in Paragraph **A**. Coverage under the Business Auto, Garage, Motor Carrier and Truckers Coverage Forms;

 3. Section **A**. Coverage under the Legal Liability Coverage Form; and

 4. Coverage **C** – Mortgageholder's Liability under the Mortgageholders Errors and Omissions Coverage Form.

  **B**. If we initially defend an insured ("insured") or pay for an insured's ("insured's") defense but later determine that the claim(s) is (are) not covered under this insurance, we will have the right to reimbursement for the defense costs we have incurred.

    The right to reimbursement for the defense costs under this provision will only apply to defense costs we have incurred after we notify you in writing that there may not be coverage, and that we are reserving our rights to terminate the defense and seek reimbursement for defense costs.

*Id.* at IAIC 00089.

* * *

<b>THE SUBCONTRACT AGREEMENT BETWEEN HOD AND PEPPER</b>

  16. On October 23, 2015, HOD and Pepper Construction Company ("Pepper"), entered into a Subcontract Agreement ("the Agreement") wherein HOD agreed to act as a subcontractor for Pepper, the general contractor of the project, to perform all overhead and coiling doors and dock equipment work for Pepper at the premises located at 1818 Swift Road in Oakbrook, Illinois. A true and correct copy of the Agreement is attached hereto and incorporated herein as Exhibit B.

<b>UNDERLYING FACTS</b>

  17. HOD, DRE, and others were named as defendants in a certain action for damages brought by Mr. Mormino captioned *Dean Mormino v. The Duchossois Group, Inc., et al.*, Case No. 17-L-7910, in the Circuit Court of Cook County, Illinois, Law Division ("the Underlying Action"). A true and correct copy of the Fifth Amended Complaint filed on January 18, 2019 in the Underlying Action, is attached hereto as Exhibit C.

  18. According to the Fifth Amended Complaint, DRE owned the premises located at 300 Windsor Drive in Oak Brook, Illinois at all relevant times. *See* Exhibit C at ¶2.

  19. In addition to the 300 Windsor Drive location, DRE owned the premises located at 1818 Swift Road in Oak Brook, Illinois, which is the shipping address for the 300 Windsor Drive

location (both of the aforementioned locations are hereinafter collectively referred to as "the construction site"). *Id.*

20. The Fifth Amended Complaint further alleged that, in or around August 2016, Pepper contracted with HOD to install a dock shelter at the construction site, which included a foam bottom seal gap. *Id*. at ¶12.

21. The Fifth Amended Complaint alleged that on January 20, 2017, approximately five months after HOD's installation of the dock shelter, Mr. Mormino, in his capacity as the owner of Bear Metal, suffered injuries when he stepped upon a dock pad in the delivery area while delivering a swing gate through the loading dock. *Id*. at 14.

## DEFENSE TENDER BY DRE

22. On July 14, 2021, DRE tendered its defense and indemnity in the Underlying Action to HOD. A true and correct copy of DRE's July 14, 2021 tender letter to HOD is attached hereto and incorporated herein as Exhibit D.

23. On September 3, 2021, IAIC, HOD's insurer, accepted DRE's defense tender under a reservation of rights under the Policy, agreeing to provide coverage for the Underlying Action to DRE, subject to certain reservation of rights. A true and correct copy of IAIC's September 3, 2021 reservation of rights letter is attached hereto and incorporated herein as Exhibit E.

24. In particular, IAIC's September 3, 2021 reservation of rights letter reserved IAIC's right to withdraw from the defense of DRE in the event that it is determined that there was no obligation to defend DRE in the Underlying Action. *See* Exhibit E.

25. The letter further reserved IAIC's right to seek reimbursement from DRE for any legal fees and costs incurred in its defense in the Underlying Action should it be determined that IAIC has no duty or obligation to defend under the Policy. *Id.*

## COUNT I

### (Late Notice)

26. IAIC realleges and reiterates each and every allegation contained in paragraphs 1 through 25 inclusive, as though fully set forth herein.

27. Section IV-Commercial General Liability Conditions provide in pertinent part as follows:

    **2.**     **Duties In The Event Of Occurrence, Offense, Claim or Suit**

        a.     You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

            (1)     How, when and where the "occurrence" or offense took place;
            (2)     The names and addresses of any injured persons and witnesses; and
            (3)     The nature and location of any injury or damage arising out of the "occurrence" or offense.

        b.     If a claim is made or a "suit" is brought against any insured, you must:

            (1)     Immediately record the specifics of the claim or "suit" and the date received; and
            (2)     Notify us as soon as practicable.

        You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

        c.     You and any other involved insured must:

            (1)     Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
            (2)     Authorize us to obtain records and other information;
            (3)     Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and
            (4)     Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

      d.      No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

*See* Exhibit A at IAIC 00051-52.

28.     The Fifth Amended Complaint in the Underlying Action was filed on January 18, 2019 adding DRE and IAIC's named insured, HOD, as defendants. *See* Exhibit C.

29.     According to the Fifth Amended Complaint, Mr. Mormino's injuries occurred while he was assisting with the delivery of a swing gate on January 20, 2017. *Id.* at ¶8.

30.     DRE was first notified of the occurrence involving Mr. Mormino's injuries by the filing of the Fifth Amended Complaint.

31.     DRE was first notified of the offense involving Mr. Mormino's injuries by the filing of the Fifth Amended Complaint.

32.     Prior to the Fifth Amended Complaint, DRE was not notified and had no knowledge of the occurrence involving Mr. Mormino's injuries.

33.     Prior to the Fifth Amended Complaint, DRE was not notified and had no knowledge of the offense involving Mr. Mormino's injuries.

34.     DRE did not make a determination as to whether the occurrence or offense involving Mr. Mormino's injuries may result in a claim under the Policy until sometime around its July 14, 2021 tender of its defense in the Underlying Action to IAIC.

35.     DRE did not notify IAIC of the occurrence or offense involving Mr. Mormino's injuries until its July 14, 2021 tender of its defense in the Underlying Action to IAIC.

36.     Despite having knowledge of Mr. Mormino's claim as well as the lawsuit against it, DRE did not immediately record the specifics of the claim or the Underlying Action and the date received.

37. Despite having knowledge of Mr. Mormino's claim as well as the lawsuit against it, DRE did not notify IAIC of the claim or lawsuit until July 14, 2021, approximately eighteen (18) months after the filing of the Fifth Amended Complaint.

38. Despite having knowledge of Mr. Mormino's claim as well as the lawsuit against it, DRE did not see to it that IAIC receive written notice of the claim or lawsuit until it tendered its defense in the Underlying Action to IAIC on July 14, 2021, approximately eighteen (18) months after the filing of the Fifth Amended Complaint.

39. Despite having knowledge of Mr. Mormino's claim as well as the lawsuit against it, DRE did not immediately send IAIC copies of any demands, notices, summonses, or legal papers received in connection with the Underlying Action.

40. Despite having knowledge of Mr. Mormino's claim as well as the lawsuit against it, DRE did not diligently or take reasonable care to ascertain whether coverage was available under the Policy until sometime around its July 14, 2021 defense tender to IAIC.

41. DRE's delay in notifying IAIC of the Underlying Action caused prejudice to IAIC.

42. Because DRE did not provide timely notice to IAIC as required by the Policy, it failed to comply with the condition precedent to coverage and, therefore, there is no coverage under the Policy.

WHEREFORE, IAIC respectfully requests that this Honorable Court enter judgment in its favor and against DRE declaring that:

(a) IAIC has no duty to defend or to indemnify DRE under the Policy in connection with the Fifth Amended Complaint filed in the Underlying Action due to DRE's failure to comply with the Policy's notice conditions; and

(b) Grant IAIC such other and further relief that the Court deems proper under the facts and circumstances.

## COUNT II

### (IAIC Is Entitled To Reimbursement of Its Defense Costs Incurred in Defending DRE in the Underlying Action Pursuant to the Policy's Defense Costs Endorsement)

43. IAIC realleges and reiterates each and every allegation contained in paragraphs 1 through 42 inclusive, as though fully set forth herein.

44. The Policy provides in pertinent part, the following endorsement:

### ILLINOIS CHANGES – DEFENSE COSTS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
\* \* \*

**A**.   The provisions of paragraph **B**. are added to all Insuring Agreements that set forth a duty to defend under:

   1.   Section **I** of the Commercial General Liability;

\* \* \*

**B**.   If we initially defend an insured ("insured") or pay for an insured's ("insured's) defense but later determine that the claim(s) is (are) not covered under this insurance, we will have the right to reimbursement for the defense costs we have incurred.

   The right to reimbursement for the defense costs under this provision will only apply to defense costs we have incurred after we notify you in writing that there may not be coverage, and that we are reserving our rights to terminate the defense and seek reimbursement for defense costs.

*See* Exhibit A at IAIC 00089.

45. IAIC is currently defending DRE in the Underlying Action under a reservation of rights. *See* Exhibit E.

46. In its September 3, 2021 reservation of rights letter to DRE, IAIC stated that it would provide coverage for the Underlying Action to DRE, subject to certain reservation of rights. *Id*.

14

47. In particular, IAIC's September 3, 2021 reservation of rights letter reserved IAIC's right to withdraw from the defense of DRE in the event that it is determined that there was no obligation to defend DRE in the Underlying Action. *Id.* at p. 9.

48. The letter further reserved IAIC's right to seek reimbursement from DRE for any legal fees and costs incurred in its defense in the Underlying Action should it be determined that IAIC has no duty or obligation to defend under the Policy. *Id.*

49. To the extent that this Court determines that the claims asserted in the Underlying Action are not covered under the Policy, IAIC is entitled to recoupment of the defense costs incurred in the defense of DRE in the Underlying Action.

WHEREFORE, Plaintiff, IAIC, respectfully prays that this Honorable Court:

(a) Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Policy;

(b) Find and declare that the Policy's Defense Costs Endorsement entitles IAIC to reimbursement of the defense costs it has incurred in its defense of DRE in the Underlying Action; and

(c) Grant IAIC such other and further relief that the Court deems proper under the facts and circumstances.

Date: April 3, 2024                               Respectfully Submitted,

                                                **WALTON LAW GROUP, LLC**

                                        BY: /s/ Gordon K. Walton

                                                One of the Attorneys for Iowa American Insurance Company

Gordon K. Walton, Esq.
Walton Law Group, LLC
161 N. Clark Street, Suite 1600
Chicago, Illinois 61350
(main) (312) 523-2106
(fax) (312) 523-2001

A.R.D.C. #6226323
gkwalton@waltonlawgroupllc.com